MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
BY:  CHRISTINE MEDING
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2614

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

              -v.-                :

$9,781.41 FORMERLY ON DEPOSIT AT MAN   :
FINANCIAL INC., IN ACCOUNT NUMBER
████5358, HELD IN THE NAME OF NARESH   :
KUMAR JAIN;
                                  :
$684,942.00 FORMERLY ON DEPOSIT AT     :
MAN FINANCIAL INC., IN ACCOUNT NUMBER  :
████4277, HELD IN THE NAME OF NARESH   :
KUMAR JAIN;
                                  :
$768,870.32 FORMERLY ON DEPOSIT AT     :
MAN FINANCIAL INC., IN ACCOUNT NUMBER  :
████8565, HELD IN THE NAME OF NARESH   :
KUMAR JAIN;
                                  :
$487,161.00 FORMERLY ON DEPOSIT AT     :
MAN FINANCIAL INC., IN ACCOUNT NUMBER  :
████8617, HELD IN THE NAME OF KANTA    :
NATH JAIN;
                                  :
$793,461.07 FORMERLY ON DEPOSIT AT     :
MAN FINANCIAL INC., IN ACCOUNT NUMBER  :
████8616, HELD IN THE NAME OF HAINKE   :
& ANDERSON TRADING LLC;
                                  :
$171,610.38 FORMERLY ON DEPOSIT AT     :
MAN FINANCIAL INC., IN ACCOUNT NUMBER  :
████8567, HELD IN THE NAME OF HAINKE   :
& ANDERSON TRADING LLC;
                                  :
$1,064,747.89 FORMERLY ON DEPOSIT AT   :
MAN FINANCIAL INC., IN ACCOUNT NUMBER  :
████8572, HELD IN THE NAME OF JAYNA    :
TRADING CO.;
                                  :



JUDGE STEIN

07 CIV 6224

VERIFIED COMPLAINT

07 Civ.

$128,341.00 FORMERLY ON DEPOSIT AT        :
MAN FINANCIAL INC., IN ACCOUNT NUMBER      :
██████8610, HELD IN THE NAME OF JAYNA      :
TRADING CO.;                                :
                                            :
$209,102.50 FORMERLY ON DEPOSIT AT         :
MAN FINANCIAL INC., IN ACCOUNT NUMBER      :
██████8611, HELD IN THE NAME OF JAYNA      :
TRADING CO.;                                :
                                            :
$13,415.18 FORMERLY ON DEPOSIT AT MAN      :
FINANCIAL INC., IN ACCOUNT NUMBER          :
██████8556, HELD IN THE NAME OF NITIN      :
JAIN;                                       :
                                            :
$14,026.08 FORMERLY ON DEPOSIT AT MAN      :
FINANCIAL INC., IN ACCOUNT NUMBER          :
██████4225, HELD IN THE NAME OF NITIN      :
JAIN;                                       :
                                            :
$2,748.00 FORMERLY ON DEPOSIT AT MAN       :
FINANCIAL INC., IN ACCOUNT NUMBER          :
██████8557, HELD IN THE NAME OF PANKAJ     :
JAIN; AND                                   :
                                            :
$24,449.65 FORMERLY ON DEPOSIT AT MAN      :
FINANCIAL INC., IN ACCOUNT NUMBER          :
██████8558, HELD IN THE NAME OF PANKAJ     :
JAIN,                                       :
                                            :
                    Defendants-in-rem.     :
                                            :
- - - - - - - - - - - - - - - - - - - - x

        Plaintiff United States of America, by its attorney,

Michael J. Garcia, United States Attorney for the Southern

District of New York, for its verified complaint alleges, upon

information and belief, as follows:

## I. NATURE OF THE ACTION

1.    This is an action by the United States of America seeking forfeiture of the following sums of United States Currency (collectively, the "DEFENDANT FUNDS"):

a.    $9,781.41 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████5358, HELD IN THE NAME OF NARESH KUMAR JAIN;

b.    $684,942.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████4277, HELD IN THE NAME OF NARESH KUMAR JAIN;

c.    $768,870.32 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8565, HELD IN THE NAME OF NARESH KUMAR JAIN;

d.    $487,161.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8617, HELD IN THE NAME OF KANTA NATH JAIN;

e.    $793,461.07 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8616, HELD IN THE NAME OF HAINKE & ANDERSON TRADING LLC;

f.    $171,610.38 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8567, HELD IN THE NAME OF HAINKE & ANDERSON TRADING LLC;

g.    $1,064,747.89 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8572, HELD IN THE NAME OF JAYNA TRADING CO.;

h.    $128,341.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8610, HELD IN THE NAME OF JAYNA TRADING CO.;

i.    $209,102.50 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8611, HELD IN THE NAME OF JAYNA TRADING CO.;

     j.    $13,415.18 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8556, HELD IN THE NAME OF NITIN JAIN;

     k.    $14,026.08 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████4225, HELD IN THE NAME OF NITIN JAIN;

     l.    $2,748.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8557, HELD IN THE NAME OF PANKAJ JAIN; and

     m.    $24,449.65 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER ████8558, HELD IN THE NAME OF PANKAJ JAIN.

On or about May 18, 2007, the DEFENDANT FUNDS were seized from various bank accounts held at Man Financial Inc. (as listed in the preceding subparagraphs), a financial institution located in New York, New York, pursuant to a seizure warrant issued by a United States Magistrate Judge in the United States District Court for the Southern District of New York.

     2.   As detailed below, the DEFENDANT FUNDS are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering transactions in violation of 18 U.S.C. § 1956; pursuant to 18 U.S.C. § 981(a)(1)(B), as property within the jurisdiction of the United States that constitutes, is derived from, or is traceable to any proceeds obtained directly or indirectly from an offense against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance; and pursuant to 21 U.S.C. § 881(a)(6), as monies furnished in exchange for a controlled substance in

violation of the federal narcotics laws, or as proceeds traceable
to such an exchange.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C.
§§ 1345 and 1355.

4. Venue is proper pursuant to 28 U.S.C. §
1355(b)(1)(A) because acts and omissions giving rise to the
forfeiture took place in the Southern District of New York, and,
pursuant to 28 U.S.C. § 1395(b), because the DEFENDANT FUNDS were
found and seized in the Southern District of New York.

## III. PROBABLE CAUSE FOR FORFEITURE

**Background**

5. Since in or about 2004, Italian law enforcement
officials have been investigating a large narcotics distribution
and money laundering network that extends across Europe, the
United Arab Emirates ("UAE"), and Pakistan, among other
countries. Other law enforcement agencies in the United Kingdom
and the UAE subsequently initiated investigations into the
participation of numerous other individuals in this narcotics and
money laundering organization. In addition, the United States
Drug Enforcement Administration initiated an investigation into
the money laundering activities and the impact of the
organization on the United States.

6.   Using investigative techniques such as court-authorized interception of telephones, surveillance, and interviews of subjects of the multiple investigations, these international law enforcement authorities learned that a network of Albanian narcotics traffickers operating in Italy distributed heroin and cocaine throughout Italy and then used a network of money remitters in Italy and other European countries, as well as in the UAE and Pakistan, to launder their drug proceeds.

7.   The investigation revealed that several Albanian individuals coordinated the transportation of heroin and cocaine from the Balkans to Italy, where the drugs were then distributed in various Italian cities.  During the course of the investigation, the Italian authorities seized more than 40 kilograms of heroin.  The Italian investigation has resulted in the arrests of multiple defendants, including the coordinator of the money laundering organization in Italy in the middle of October 2006.

8.   The investigation further revealed that the Albanian narcotics trafficking organization utilized "hawalas," which are informal networks of money remitting businesses commonly used in the Middle East to transfer money, to move their narcotics proceeds out of Italy and into a financial network based in the UAE, among other places.

9.    The investigation revealed that an individual named AHMED PERVAZ AHMED ("PERVAZ") acted as a "hawaladar" in Italy.  Italian law enforcement officials determined that PERVAZ, in turn, worked for an individual named NARESH JAIN KUMAR PATEL ("PATEL"), who operated out of Dubai, UAE.

10.    The investigation revealed that acting on PATEL's instructions, PERVAZ collected narcotics proceeds in Italy and that the narcotics proceeds were then moved in bulk and into accounts linked to a hawala system in Europe and the Middle East. The money, which represented the proceeds of narcotic sales in Italy remained under the control of PATEL during the placement, layering and integration stages of the money laundering process.

### Arrests and Searches in Dubai, UAE

11.    On or about February 20, 2007, Dubai law enforcement authorities arrested PATEL and 39 other individuals associated with this extensive money laundering operation.  PATEL was arrested in Dubai.  PATEL and others have been charged with offenses contrary to the UAE's Anti-Money Laundering Legislation of 2002.

12.    Among the others who were arrested and charged in connection with the investigation were KANTA NATH JAIN, NITIN JAIN and PANKAJ JAIN, family members of PATEL.

13.    Following PATEL's arrest, PATEL gave a statement during which, among other things, PATEL admitted:

a.    that he was a money launderer who provided money laundering services to several criminal organizations;

b.    that he laundered the money of these organizations through various bank accounts and companies in his control or within the control of nominees who took orders from him; and

c.    he knew that the money that he was transferring on behalf of these organizations constituted the proceeds of criminal activity, and that he believed a majority constituted the proceeds of illegal narcotics sales;

14.    In conjunction with the arrest of PATEL, Dubai law enforcement authorities executed numerous search warrants, including a search warrant at the office of Kumar Trading LLC, a company controlled by PATEL.  Among other things, during the search, authorities found business records and banking documents. Those documents demonstrated that PATEL controlled, either directly or through nominees, an entity named HAINKE & ANDERSON TRADING LLC and another entity named JAYNA TRADING CO (among other entities).

15.    In the search of Kumar Trading LLC, Dubai law enforcement authorities recovered banking and wire transfer records demonstrating that PATEL directed that transfers be made from entities under his control in Dubai, through various banks and exchange houses in Dubai, into various bank accounts at Man

Financial Inc. in Manhattan.  In addition, bank statements and other records were recovered that related to the accounts from which the Defendant Funds were seized.

16.  In addition to numerous documents and computers, Dubai law enforcement authorities discovered large quantities of cash in the Kumar Trading LLC offices, including United States dollars, British pounds sterling, euros, and other international currencies which was also subsequently seized.  In fact, during the search of Kumar Trading LLC, a number of couriers arrived at the Kumar Trading LLC office to deliver cash that they were carrying.  The currency was subsequently seized by Dubai law enforcement authorities.

### Accounts at Man Financial Inc. in New York City

17.  The DEA identified at least fifteen (15) separate accounts at Man Financial Inc. that were associated with PATEL (the "Man Financial Accounts").  Bank records relating to the Man Financial Accounts were recovered during the search of PATEL's company Kumar Trading LLC following PATEL's arrest in Dubai.  As stated in paragraph 1, supra, the DEFENDANT FUNDS were seized from fourteen different Man Financial Accounts.  The Man Financial Accounts from which the DEFENDANT FUNDS were seized include:

a.    Three accounts held in a variation of PATEL's own name (the accounts described in Paragraphs 1(a) through 1(c), supra);

b.    One account held in the name of KANTA NATH JAIN (the account described in Paragraph 1(d), supra); KANTA NATH JAIN is one of PATEL's relative and a nominee who was arrested when PATEL was arrested;

c.    Two accounts held in the name of HAINKE & ANDERSON TRADING LLC (the accounts described in Paragraphs 1(e) through 1(f), supra);

d.    Three accounts held in the name of JAYNA TRADING CO. (the accounts described in Paragraphs 1(g) through 1(i), supra);

e.    Two accounts held in the name of NITIN JAIN (the accounts described in Paragraphs 1(j) and 1(k), supra); NITIN JAIN is one of PATEL's relatives and a nominee who was arrested when PATEL was arrested; and

f.    Two accounts held in the name of PANKAJ JAIN (the accounts described in Paragraphs 1(l) through 1(m), supra); PANKAJ JAIN is another one of PATEL's relatives and a nominees who was arrested when PATEL was arrested.

18.    The account activity in the Man Financial Accounts generally showed a pooling of multiple incoming transfers before a larger transfer right back to the original sender of the

transfers.  This activity does not appear to serve any commercial purpose and is instead fully consistent with "layering," a money laundering technique that seeks to disguise the origin of funds by engaging in transactions that are designed merely to make tracing more difficult.

19.  Other suspicious activity has occurred in several of the Man Financial Accounts in connection with suspicious trading on the commodities markets.  In fact, on or about April 5, the United States Commodities and Futures Trading Commission (the "CFTC") filed a civil action against various individuals and entities, including the holders of several of the Man Financial Accounts, specifically PATEL, AARISTO COMMODITIES AND FUTURES DMCC, KANTA NATH JAIN, and HAINKE & ANDERSON TRADING LLC.

20.  In its civil action, the CFTC alleged in substance that PATEL, KANTA NATH JAIN, and HAINKE & ANDERSON TRADING LLC engaged in "wash" trades of various commodities futures with two other entities, including AARISTO COMMODITIES AND FUTURES DMCC, in which PATEL and his nominees would always suffer losses and AARISTO (which, like PATEL's entities, is based in Dubai) would enjoy profits, all with no real change in trading position. According to the CFTC, these trades have no apparent commercial justification whatsoever.  An account at Man Financial Inc. held in the name of AARISTO COMMODITIES AND FUTURES DMCC made such "wash" trades with two accounts at Man Financial held in the name

of HAINKE & ANDERSON LLC ACCOUNTS (the accounts described in
paragraphs 1(e) and 1(f), supra) and one account held in the name
of KANTA NATH JAIN (the account described in paragraph 1(d),
supra). One of PATEL's accounts at Man Financial (the account
described in paragraph 1(a), supra) engaged in similar "wash"
trades with another entity from Dubai.

     21. In sum, in light of PATEL's admissions that he
launders illicit proceeds through entities and individuals under
his control; the fact that the documents and bank records seized
from Kumar Trading LLC indicate that the Man Financial Accounts
were under PATEL's control and were funded by individuals or
entities under PATEL's control; the fact that the "layering"
activity in the Man Financial Accounts from which the DEFENDANT
FUNDS were seized is not consistent with legitimate business
activity but appears instead to be designed merely to thwart
detection and tracing by law enforcement; and the additional
suspicious commodities trading in several of the Man Financial
Accounts from which the DEFENDANT FUNDS were seized, there exists
probable cause believe that the DEFENDANT FUNDS are property
involved in illegal money laundering transfers and/or property
constituting the proceeds of illegal narcotics sales, or property
traceable to the proceeds of such sales.

## IV.  FIRST CLAIM FOR FORFEITURE

22.  Paragraphs 1 through 21 are incorporated as if fully set forth herein.

23.  Title 18, United States Code, § 981(a)(1)(A) subjects to forfeiture "[a]ny property real or personal involved in a transaction or attempted transaction in violation of . . . section 1956 . . . of this title, or any property traceable to such property."

24.  Title 18, United States Code, § 1956(a)(1) provides that:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct a financial transaction which in fact involves the proceeds of specified unlawful activity —
>
> > (A)(i) with the intent to promote the carrying on of specified unlawful activity; . . . or
> >
> > (B) knowing that the transaction is designed in whole or in part —
> >
> > > (i) to conceal or disguise the nature, the location, the source of ownership, or the control of the proceeds of specified unlawful activity; or
> > >
> > > (ii) to avoid a transaction reporting requirement under State or Federal law,

is guilty of a crime.

25.  Title 18, United States Code, Section 1956(a)(2) provides that:

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States —

> (A) with the intent to promote the carrying on of specified unlawful activity; or

> (B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part--

>> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

>> (ii) to avoid a transaction reporting requirement under State or Federal law,

is guilty of a crime.

26. A "financial transaction," as defined by 18 U.S.C. § 1956(c)(4), includes "a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments" and "a transaction involving the use of a financial institution which is engaged in, or the activities of

which affect, interstate or foreign commerce in any way or degree."

    27.  "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and includes, among other things, "with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act)."  18 U.S.C. § 1956(c)(7)(B)(i).

    28.  Based on the foregoing, the DEFENDANT FUNDS are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because there is probable cause to believe that the DEFENDANT FUNDS constitute property involved in transactions in violation of 18 U.S.C. § 1956(a)(1) and (2), or property traceable to such property.

<u>V.  SECOND CLAIM FOR FORFEITURE</u>

    29.  Paragraphs 1 through 28 are incorporated as if fully set forth herein.

    30.  Title 21, United States Code, § 881(a)(6) subjects to forfeiture:

> All moneys, negotiable instruments,
> securities, or other things of
> value furnished or intended to be
> furnished by any person in exchange
> for a controlled substance

> . . . in violation of [Subchapter I
> of Title 21], all proceeds
> traceable to such an exchange, and
> all moneys, negotiable instruments,
> and securities used or intended to
> be used to facilitate any violation
> of [Subchapter I of Title 21].

31. Based on the foregoing, the DEFENDANT FUNDS are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that the DEFENDANT FUNDS are proceeds traceable to exchanges of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, or moneys used or intended to be used to facilitate violations of 21 U.S.C. §§ 841(a)(1) and 846.

## VI.   THIRD CLAIM FOR FORFEITURE

32. Paragraphs 1 through 31 are incorporated as if fully set forth herein.

33. Title 18, United States Code, Section 981(a)(1)(B) subjects to forfeiture:

> Any property, real or personal, within the
> jurisdiction of the United States,
> constituting, derived from, or traceable to,
> any proceeds obtained directly or indirectly
> from an offense against a foreign nation, or
> any property used to facilitate such an
> offense, if the offense –
>
> > (i) involves . . . the manufacture,
> > importation, sale, or distribution
> > of a controlled substance (as that
> > term is defined for purposes of the
> > Controlled Substances Act), or any
> > other conduct described in section
> > 1956(c)(7)(B);

-16-

(ii) would be punishable within the jurisdiction of the foreign nation by death or imprisonment for a term exceeding 1 year; and

(iii) would be punishable under the laws of the United States by imprisonment for a term exceeding 1 year, if the act or activity constituting the offense had occurred within the jurisdiction of the United States.

34. As alleged in this complaint, the DEFENDANT FUNDS constitute the proceeds of the sale of controlled substances. That crime is a felony in Italy and the other countries in which the sales occurred, and such offenses would have been a felony if committed in the United States.  Based on the foregoing, the DEFENDANT FUNDS are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(B).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT FUNDS and that all persons having an interest in the DEFENDANT FUNDS be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT FUNDS to the United States of America for disposition according to law and that this Court grant plaintiff such further

relief as this Court may deem just and proper together with the costs and disbursements in this action.

Dated:      New York, New York
            July 3, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for
                              Plaintiff United States of America

                    By:  _____

                              CHRISTINE MEDING (CM-8556)
                              Assistant United States Attorney
                              One St. Andrew's Plaza
                              New York, New York 10007
                              (212) 637-2614 (telephone)
                              (212) 637-2429 (fax)
                              christine.meding@usdoj.gov

VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK )

          WILLIAM J. CALLAHAN, being duly sworn, deposes and says

that he is a Special Agent of the United States Drug Enforcement

Administration and as such has responsibility for the within

action; that he has read the foregoing complaint and knows the

contents thereof, and that the same is true to the best of his

knowledge, information and belief.

          The sources of deponent's information and the grounds

of his belief are his personal involvement in the investigation

described herein, official records and files of the DEA and other

domestic and international law enforcement agencies, other

documentary evidence, and conversations with other law

enforcement agents and civilian witnesses.

                                   _____
                                   WILLIAM J. CALLAHAN
                                   Special Agent,
                                   U.S. Drug Enforcement Administration

Sworn to before me this
3rd day of July, 2007

_____
Notary Public

**THOMAS G.A. BROWN**
Notary Public - State of New York
No. 02BR6125438
Qualified in Kings County
My Commission Expires April 18, 20 09

                              -19-