UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,                              :
                                                       :
           -v-                                         :
                                                       :   Civil Case No. 07 CV 6224
$9,871.41 FORMERLY ON DEPOSIT AT MAN                   :   (SHS)
FINANCIAL, INC., IN ACCOUNT NUMBER                     :
XXX5358, HELD IN THE NAME OF NARESH                    :   **ANSWER OF PANKAJ**
KUMAR JAIN;                                            :   **JAIN AND JURY**
                                                       :   **DEMAND**
$684,942.00 FORMERLY ON DEPOSIT AT                     :
MAN FINANCIAL INC., IN ACCOUNT                         :
NUMBER XXX4277, HELD IN THE NAME OF                    :
NARESH KUMAR JAIN;                                     :
                                                       :
$768,870.32 FORMERLY ON DEPOSIT AT MAN                 :
FINANCIAL INC., IN ACCOUNT NUMBER                      :
XXX8565, HELD IN THE NAME OF NARESH                    :
KUMAR JAIN;                                            :
                                                       :
$487,161.00 FORMERLY ON DEPOSIT AT MAN                 :
FINANCIAL INC., IN ACCOUNT NUMBER                      :
XXX8617, HELD IN THE NAME OF KANTA                     :
NATH JAIN;                                             :
                                                       :
$793,461.07 FORMERLY ON DEPOSIT AT MAN                 :
FINANCIAL, INC., IN ACCOUNT NUMBER                     :
XXX8616, HELD IN THE NAME OF HAINKE                    :
& ANDERSON TRADING LLC;                                :
                                                       :
$171,610.38 FORMERLY ON DEPOSIT AT MAN                 :
FINANCIAL INC., IN ACCOUNT NUMBER                      :
XXX8567, HELD IN THE NAME OF HAINKE                    :
& ANDERSON TRADING LLC;                                :
                                                       :
$1,064,747.89 FORMERLY ON DEPOSIT AT                   :
MAN FINANCIAL INC., IN ACCOUNT                         :
NUMBER XXX8572, HELD IN THE NAME OF                    :
JAYNA TRADING CO.;                                     :
                                                       :
$128,341.00 FORMERLY ON DEPOSIT AT MAN                 :
FINANCIAL INC., IN ACCOUNT NUMBER                      :
XXX8610, HELD IN THE NAME OF JAYNA                     :
TRADING CO.;                                           :

$209,102.50 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8611, HELD IN THE NAME OF JAYNA TRADING CO.;

$13,415.18 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8556, HELD IN THE NAME OF NITIN JAIN;

$14,206.08 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX4225, HELD IN THE NAME OF NITIN JAIN;

$2,748.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8557, HELD IN THE NAME OF PANKAJ JAIN; AND

$24,449.65 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8558, HELD IN THE NAME OF PANKAJ JAIN,

          Defendants-in-rem.

-----------------------------------------------------------------x

      PANKAJ JAIN, a person having interest in certain funds which are the subject of the above-captioned action, and who has timely filed a claim as to said funds pursuant to Rule G of the Supplemental rules for Certain Admiralty and Maritime Claims and Forfeiture Actions of the Federal Rules of Civil Procedure, by his attorneys, Bachner & Associates, P.C., as and for his Answer to the Verified Complaint of plaintiff United States of America (the "Complaint"), hereby alleges as follows:

## I. <u>NATURE OF THE ACTION</u>

      1.    Mr. Jain admits that the funds identified in 1a. through 1m. were seized from various bank accounts at Man Financial, Inc., a financial institution located in New

York, New York, on or about May 18, 2007. Mr. Jain denies information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1 of the Complaint.

2. Mr. Jain states that ¶ 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations as to the funds identified in subsections l and m (the "Pankaj Jain Funds") of ¶ 1 of the Complaint and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

## II. JURISDICTION AND VENUE

3. Mr. Jain states that ¶ 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations as to the Pankaj Jain Funds, and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

4. Mr. Jain states that ¶ 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations as to the Pankaj Jain Funds, and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

## III. PROBABLE CAUSE FOR FORFEITURE

5. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Complaint.

6. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.

8. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint.

9. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

10. Mr. Jain denies the allegations contained in ¶ 10 of the Complaint.

### Arrests and Searches in Dubai, UAE

11. Mr. Jain admits that he and other individuals were arrested on or about February 20, 2007 and that he has been charged with offenses contrary to the UAE's Anti-Money Laundering Legislation. Mr. Jain denies the characterization that he was involved in an "extensive money laundering operation."

12. Mr. Jain admits the allegations contained in ¶ 12 of the Complaint.

13. Mr. Jain is aware that Naresh Kumar Jain gave a statement following his arrest. Mr. Jain denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 13 of the Complaint.

14. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint.

15. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint.

16. Mr. Jain denies denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint.

17. Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Complaint.

18.  Mr. Jain states that ¶ 18 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations as to the Pankaj Jain Funds, and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

19.  Mr. Jain denies information sufficient to form belief as to the truth of the allegations contained in ¶ 19 of the Complaint.

20.  Mr. Jain denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Complaint.

21.  Mr. Jain states that ¶ 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations contained in ¶ 21 of the Complaint.

IV. FIRST CLAIM FOR FORFEITURE

22.  The responses to ¶¶ 1 through 21 are incorporated as if fully set forth herein.

23.  No response is required.

24.  No response is required.

25.  No response is required.

26.  No response is required.

27.  No response is required.

28.  Mr. Jain states that ¶ 28 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations contained in ¶ 28 of the Complaint.

V. SECOND CLAIM FOR FORFEITURE

29.  The responses to ¶¶ 1 through 21 are incorporated as if fully set forth herein.

30.  No response is required.

31.  Mr. Jain states that ¶ 31 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations contained in ¶ 31 of the Complaint.

### VI.  THIRD CLAIM FOR FORFEITURE

32.  The responses to ¶¶ 1 through 21 are incorporated as if fully set forth herein.

33.  No response is required.

34.  Mr. Jain states that ¶ 31 contains conclusions of law to which no response is required. To the extent a response is required, Mr. Jain denies the allegations contained in ¶ 31 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.  The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.  The relief sought in the Complaint is barred, in whole or in part, by the doctrines of waiver, release, consent and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37.  The relief sought in the Complaint is barred, in whole or in part, by the equitable doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the innocent owner defense, pursuant to 18 U.S.C. §981(a)(2).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred because the injuries and losses complained of herein were not caused by the actions of Mr. Jain or any entity under his control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40. This claim should be dismissed for lack of personal jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41. This claim should be dismissed for lack of subject matter jurisdiction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42. Mr. Jain reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Complaint. These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning Plaintiff's claims.

### JURY DEMAND

Mr. Jain hereby demands trial by jury as to all claims and defenses in this action.

### CONCLUSION

WHEREFORE, Pankaj Jain requests that this Court enter judgment:

(i)   dismissing Plaintiff's Complaint in its entirety;

(ii)  issuing an order requiring Plaintiff to return the following sums:

   a. $2,748.00 to Pankaj Jain;

   b. $24,449.65 to Pankaj Jain;

(iii) issuing an order annulling the forfeiture of the in rem defendants listed in ¶ (ii) above; and

(iv) granting to Mr. Jain such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 4, 2008

BACHNER & ASSOCIATES, P.C.

By: _____
Kevin T. O'Brien (KO-4063)
26 Broadway, Suite 2310
New York, New York 10004
(212) 344-7778

Attorneys for Claimant Pankaj Jain

## VERIFICATION

I, PANKAJ JAIN, HEREBY DECLARE PURSUANT TO 28 U.S.C. §1746, UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING ANSWER, AND SAME IS TRU AND CORRECT TO MY KNOWLEDGE AND BELIEF, EXCEPT AS TO MATTERS STATED TO BE UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

Dated: July 02, 2008
Dubai, UAE

_____
Pankaj Jain