UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-

$9,871.41 FORMERLY ON DEPOSIT AT MAN FINANCIAL, INC., IN ACCOUNT NUMBER XXX5358, HELD IN THE NAME OF NARESH KUMAR JAIN;

$684,942.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX4277, HELD IN THE NAME OF NARESH KUMAR JAIN;

$768,870.32 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8565, HELD IN THE NAME OF NARESH KUMAR JAIN;

$487,161.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8617, HELD IN THE NAME OF KANTA NATH JAIN;

$793,461.07 FORMERLY ON DEPOSIT AT MAN FINANCIAL, INC., IN ACCOUNT NUMBER XXX8616, HELD IN THE NAME OF HAINKE & ANDERSON TRADING LLC;

$171,610.38 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8567, HELD IN THE NAME OF HAINKE & ANDERSON TRADING LLC;

$1,064,747.89 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8572, HELD IN THE NAME OF JAYNA TRADING CO.;

$128,341.00 FORMERLY ON DEPOSIT AT MAN FINANCIAL INC., IN ACCOUNT NUMBER XXX8610, HELD IN THE NAME OF JAYNA TRADING CO.;

Civil Case No. 07 CV 6224 (SHS)

**ANSWER OF JAYNA TRADING CO. AND JURY DEMAND**

$209,102.50 FORMERLY ON DEPOSIT AT MAN :
FINANCIAL INC., IN ACCOUNT NUMBER         :
XXX8611, HELD IN THE NAME OF JAYNA        :
TRADING CO.;                              :
                                          :
$13,415.18 FORMERLY ON DEPOSIT AT MAN  :
FINANCIAL INC., IN ACCOUNT NUMBER         :
XXX8556, HELD IN THE NAME OF NITIN        :
JAIN;                                     :
                                          :
$14,206.08 FORMERLY ON DEPOSIT AT MAN  :
FINANCIAL INC., IN ACCOUNT NUMBER         :
XXX4225, HELD IN THE NAME OF NITIN        :
JAIN;                                     :
                                          :
$2,748.00 FORMERLY ON DEPOSIT AT MAN   :
FINANCIAL INC., IN ACCOUNT NUMBER         :
XXX8557, HELD IN THE NAME OF PANKAJ       :
JAIN; AND                                 :
                                          :
$24,449.65 FORMERLY ON DEPOSIT AT MAN  :
FINANCIAL INC., IN ACCOUNT NUMBER         :
XXX8558, HELD IN THE NAME OF PANKAJ       :
JAIN,                                     :
                                          :
                Defendants-in-rem.     :
------------------------------------------------------------------x

       Jayna Trading Co. ("Jayna"), an entity having interest in certain funds which are the subject of the above-captioned action, and which has timely filed a claim as to said funds pursuant to Rule G of the Supplemental rules for Certain Admiralty and Maritime Claims and Forfeiture Actions of the Federal Rules of Civil Procedure, by its attorneys, Bachner & Associates, P.C., as and for his Answer to the Verified Complaint of plaintiff United States of America (the "Complaint"), hereby alleges as follows:

### I. NATURE OF THE ACTION

    1.    Jayna admits that the funds identified in 1a. and 1m. were seized from various bank accounts at Man Financial, Inc., a financial institution located in New York,

New York, on or about May 18, 2007. Jayna denies information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1 of the Complaint.

2. Jayna states that ¶ 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations as to the funds identified in subsections g and i (the "Jayna Funds") of ¶ 1 of the Complaint and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

## II. JURISDICTION AND VENUE

3. Jayna states that ¶ 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations as to the Jayna Funds, and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

4. Jayna states that ¶ 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations as to the Jayna Funds, and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

## III. PROBABLE CAUSE FOR FORFEITURE

5. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Complaint.

6. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.

8. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint.

9. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

10. Jayna denies the allegations contained in ¶ 10 of the Complaint.

### Arrests and Searches in Dubai, UAE

11. Jayna admits that theindividuals listed herein were arrested on or about February 20, 2007 and that they have been charged with offenses contrary to the UAE's Anti-Money Laundering Legislation. Jayna denies the characterization that they were involved in an "extensive money laundering operation."

12. Jayna admits the allegations contained in ¶ 12 of the Complaint.

13. Jayna is aware that Naresh Kumar Jain gave a statement following his arrest. Jayna denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 13 of the Complaint. .

14. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint.

15. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint.

16. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint.

17. Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Complaint.

18.  Jayna states that ¶ 18 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations as to the Jayna Funds and denies information sufficient to form a belief as to the truth of the allegations as to the remaining Defendant Funds.

19.  Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Complaint.

20.  Jayna denies information sufficient to form a belief as to the truth of the allegations contained in ¶ 20.

21.  Jayna states that ¶ 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations contained in ¶ 21 of the Complaint.

### IV.  FIRST CLAIM FOR FORFEITURE

22.  The responses to ¶¶ 1 through 21 are incorporated as if fully set forth herein.

23.  No response is required.

24.  No response is required.

25.  No response is required.

26.  No response is required.

27.  No response is required.

28.  Jayna states that ¶ 28 contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations contained in ¶ 28 of the Complaint.

### V.  SECOND CLAIM FOR FORFEITURE

29. The responses to ¶¶ 1 through 21 are incorporated as if fully set forth herein.

30. No response is required.

31. Jayna states that ¶ 31 contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations contained in ¶ 31 of the Complaint.

### VI. THIRD CLAIM FOR FORFEITURE

32. The responses to ¶¶ 1 through 21 are incorporated as if fully set forth herein.

33. No response is required.

34. Jayna states that ¶ 31 contains conclusions of law to which no response is required. To the extent a response is required, Jayna denies the allegations contained in ¶ 31 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. The relief sought in the Complaint is barred, in whole or in part, by the doctrines of waiver, release, consent and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. The relief sought in the Complaint is barred, in whole or in part, by the equitable doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claims are barred by the innocent owner defense, pursuant to 18 U.S.C. §981(a)(2).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39.     Plaintiff's claims are barred because the injuries and losses complained of herein were not caused by the actions of Jayna or any entity under his control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40.     This claim should be dismissed for lack of personal jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41.     This claim should be dismissed for lack of subject matter jurisdiction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42.     Jayna reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Complaint. These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning Plaintiff's claims.

### JURY DEMAND

Jayna hereby demands trial by jury as to all claims and defenses in this action.

### CONCLUSION

WHEREFORE, Jayna Trading Co. requests that this Court enter judgment:

(i)     dismissing Plaintiff's Complaint in its entirety;

(ii)    issuing an order requiring Plaintiff to return the following sums to the following individuals and entities:

   a.  $1,064,747.89 to Jayna Trading Co.;

   b.  $128,341.00 to Jayna Trading Co.; and

   c. $209,102.50 to Jayna Trading Co.

(iii) issuing an order annulling the forfeiture of the in rem defendants listed in ¶ (ii) above; and

(iv) granting to Jayna such other and further relief as this Court deems just and proper.

Dated: New York, New York
   August 4, 2008

              BACHNER & ASSOCIATES, P.C.

              By: _____
                Kevin T. O'Brien (KO-4063)
                26 Broadway, Suite 2310
                New York, New York 10004
                (212) 344-7778

              Attorneys for Claimant Jayna Trading Co.

## VERIFICATION

I, KANTA NATH JAIN, AS _____ OF JAYNA TRADING CO., HEREBY DECLARE PURSUANT TO 28 U.S.C. §1746, UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND UNDER PENALTY OF PERJURY THAT I HAVE READ THE FORGOING ANSWER, AND SAME IS TRU AND CORRECT TO MY KNOWLEDGE AND BELIEF, EXCEPT AS TO MATTERS STATED TO BE UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

Dated: August ___, 2008
      Dubai, UAE

_____
Kanta Nath Jain
Jayna Trading Co.

9